**Rudolph Henry KRUSE, Sr., Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 19591.

United States Court of Appeals, Sixth Circuit.

Feb. 9, 1970.

Rehearing Denied March 24, 1970.

Arthur L. Brooks, Jr., Lexington, Ky., on brief for appellant.

Ernest W. Rivers, U. S. Atty., Louisville, Ky., on brief for appellee.

Before CELEBREZZE and COMBS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Petitioner-appellant Kruse is confined in the United States Penitentiary at Leavenworth, Kansas, by reason of concurrent sentences of five years and twenty years imposed following his 1963 conviction of conspiring to commit bank robbery and aiding and abetting in the commission of bank robbery. No direct appeal was taken from these convictions and, in 1966, petitioner's retained trial counsel filed a motion to vacate sentence under 28 U.S.C. § 2255. That motion was denied by the district court and the judgment was affirmed by an order of this Court entered March 28, 1969.

Subsequently, petitioner filed through different retained counsel a second motion to vacate sentence, alleging that he had either been denied the right of a direct appeal by the actions of his original trial counsel or denied the effective assistance of counsel by the failure of counsel to advise him he could appeal in forma pauperis if he were without sufficient funds. The present appeal is from the district court's denial of this second motion to vacate sentence.

Following an evidentiary hearing, the district court concluded that petitioner knowingly and willingly waived his right of appeal. This conclusion was based upon findings that petitioner was informed of his right to appeal and knew a notice of appeal had to be filed within ten days after sentencing; that, although he did not know of the right to appeal in forma pauperis,[1] petitioner was not then a pauper; and that petitioner did not desire an appeal but, during the period following sentencing, was primarily concerned with negotiating a reduced sentence in exchange for his testifying in

---

1. At the time of sentencing on December 23, 1963, Rule 32(a)(2) of the Federal Rules of Criminal Procedure did not require that the trial judge inform a defendant represented by retained counsel of the right to appeal in forma pauperis.

**850**

another prosecution. The district court further found that, although aware of the fact that no direct appeal had been taken, petitioner neglected to raise this allegation in the first motion to vacate sentence; also that a direct appeal would have served no useful purpose in that the alleged grounds for reversal have been considered by both the district court and this Court in the previous motion.

Based upon our examination of the record, it is apparent that the findings of the district court enumerated above are supported by substantial evidence and are not clearly erroneous. Since petitioner failed to substantiate his allegations of denial of either a direct appeal or the effective assistance of counsel, the district court properly denied the motion to vacate sentence.

Judgment affirmed.